UNITED STATES *v.* FRENCH.[*]

*(Circuit Court, E. D. Pennsylvania.   October 7, 1881.)*

1. DISCHARGE OF SEAMEN—WHEN NOT REQUIRED TO BE IN PRESENCE OF SHIPPING COMMISSIONER—REVISED STATUTES.

Section 4549, Rev. St., which requires that the discharge of seamen should, in certain cases, be made in the presence of a shipping commissioner, is qualified by the language of section 4504, and does not apply to a vessel which has been engaged in a voyage to the West India islands.

This was an action against the master of a vessel to recover the penalty prescribed by section 4549, Rev. St., for the discharge of a seaman without going before a shipping commissioner. On the trial (before *Bradley* and *McKennan,* JJ.) plaintiff proved that the defendant was the master of the American schooner Dora M. French; that

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

he sailed from a port in Maine for a voyage from thence to Barbadoes and thence to Philadelphia; and that on his arrival at the latter port he paid off and discharged one of his crew without going before a shipping commissioner.

*John K. Valentine*, U. S. Dist. Atty., for plaintiff.

*J. Warren Coulston*, for defendant.

The court directed the jury to find a verdict for defendant, and subsequently filed the following opinion:

Per Curiam. An examination of the Revised Statutes makes it very evident that section 4549 is to be qualified by section 4504. The act of June 7, 1872, providing for the appointment of shipping commissioners and for the further protection of seamen, required that the payment and discharge of seamen should in certain cases be made before a shipping commissioner, and that an agreement, in writing, in a certain specified form, should be entered into with every seaman shipped for a voyage. See the act, 17 St. at Large, 262. The act, by its terms, applied to vessels bound from a port in the United States to any foreign port, or if of 75 tons, or upward, bound from a port on the Atlantic to a port on the Pacific, or *vice versa*. It was provided, however, that the master might himself act as commissioner in any customs district where no commissioner had been appointed, and that the act should not apply where the seamen are by custom or agreement entitled to participate in the profits or results of a cruise or voyage, nor to coastwise or lake-going vessels that touch at foreign ports. See sections 12–22. By a supplement passed January 15, 1873, (17 St. 410,) the above proviso was enlarged by excepting from the operation of the act vessels engaged in the trade between the United States and the British North American possessions, or the West India islands, or the republic of Mexico. The Revised Statutes, in section 4504, embody all these provisos. The only question or doubt that can be raised, grows out of the phraseology of section 4549, which declares generally that all seamen, discharged in the United States from merchant vessels engaged in voyages from a port in the United States to any foreign ports, or, being of 75 tons or upward, from a port on the Atlantic to a port on the Pacific, or *vice versa*, shall be discharged and receive their wages in the presence of a duly-authorized shipping commissioner, except in cases where some competent court otherwise directs, without any reference to the excepting provisos. But if the master himself may not be regarded in certain cases as a duly-authorized shipping commissioner, in the terms of the section, there can be no doubt that the

section is to be qualified by the language of the 4504th section, which expressly declares that nothing in this title shall prevent the owner, consignee, or master, of any vessel, except vessels bound from a port in the United States to any foreign port, other than vessels engaged in trade between the United States and the British North American possessions, or the West India islands, or the republic of Mexico, etc., from performing himself, so far as his vessel is concerned, the duties of shipping commissioner. This language expressly applies to the whole title, and, of course, to section 4549, which is a part of it.

We are perfectly satisfied that the revision has not altered the previous law, and that the act does not apply to a vessel which has been engaged in a voyage to the West India islands, which was the present case. We think, therefore, that the defendant is not liable for the penalty sued for, and that the verdict must be in his favor.

The same conclusion, in effect, was reached by the supreme court of the United States in the case of *U. S.* v. *The Grace Lothrop*, 95 U. S. 527, where the question was, whether a written agreement, as required by the act of 1872, should be executed in the presence of a shipping commissioner, when the ship had been engaged in a voyage to the West Indies; and it was decided that the act in its original form, or as revised, did not apply to the case.